CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 14 2019

JULIA C. DUDLEY, CLERK
BY: /s/ C. Speake
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:13-CR-25-MFU |
| ) | |
| v. ) | |
| ) | |
| ) | |
| RONNIE MAURICE JONES, ) | By: Michael F. Urbanski |
| ) | United States District Judge |
| Petitioner. ) | |

## MEMORANDUM OPINION

Petitioner Ronnie Maurice Jones, a federal inmate currently serving a 276-month sentence for drug offenses, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 572. On April 27, 2018, the United States filed a motion to dismiss to which Jones responded on November 5, 2018. ECF Nos. 579 and 593. For the reasons set forth below, the court **GRANTS** the government's motion to dismiss.

## BACKGROUND

On June 5, 2014, in a third superseding indictment, Jones was charged with one count of conspiring to distribute and possess with intent to distribute 1000 grams or more of a mixture containing a detectable amount of heroin and to distribute and possess with intent to distribute 280 grams or more of cocaine base (Count 1); one count of knowingly possessing a firearm in furtherance of a drug trafficking crime (Count 2); one count of possessing with intent to distribute a measurable quantity of a mixture or substance containing a detectable amount of heroin (Count 3); and one count of possessing a firearm which previously had been shipped or transported in interstate or foreign commerce after he

had previously been convicted of a crime punishable by more than one year imprisonment (Count 4). ECF No. 122. On November 12, 2014, pursuant to a written plea agreement in accordance with Fed R. Crim. P. 11(c)(1)(C), Jones pleaded guilty to Counts 1, 3, and 4. Count 2 was dismissed. ECF Nos. 281, 282, 283.

At the time Jones entered the plea agreement, he acknowledged in writing that the parties agreed he would be sentenced to a 360-month term of imprisonment if no substantial assistance motion were made and a range of 180 months to 300 months if a substantial assistance motion were made and granted by the court. ECF No. 282 at 3. The written plea agreement detailed the range of punishment on each count and specified that Count 1 carried a punishment range of five years to life, a fine of up to $10 million and a minimum of five years supervised release; Count 3 carried a punishment range of up to thirty years, a fine of up to $2 million, and a minimum supervised release period of at least three years; and Count 4 was punishable by a sentence of up to ten years, a fine of $250,000, and a five-year term of supervised release. Id. at 1-2.

A change of plea hearing was held on November 12, 2014. At that time, the court explained the Rule 11(c)(1)(C) plea process in detail. Hr'g Tr., ECF No. 500 at 10-12, 16. The government summarized the essential terms of the plea agreement, again indicating that Count 4 bore a period of incarceration of up to ten years. Id. at 12-13. The court also told Jones that it would not accept the plea and plea agreement until the Presentence Investigation Report (PSR) was prepared and sentencing briefs by the parties received. Id. at 20-21.

In advance of the anticipated sentencing date of April 22, 2015, a PSR was created. The PSR contained different statutory penalties than those reflected in the plea agreement. For Count 3, the statutory maximum was correctly noted to be twenty years, and for Count 4, the penalty was enhanced under the Armed Career Criminal Act to fifteen years to life. ECF No. 468.

The sentencing did not occur on April 22, 2015 as scheduled. Instead, Jones addressed the court on certain communication issues with his lawyer[1] and the court explained the correct statutory sentencing ranges to Jones on Counts 3 and 4. As to Count 3, the court advised Jones that the statutory maximum penalty was twenty, and not thirty, years. As regards Count 4, the PSR categorized Jones as an armed career criminal based on his prior criminal record. Accordingly, the punishment range for Count 4 was a minimum of fifteen years to a maximum of life. Hr'g Tr., ECF No. 501 at 6-7, 12. The government explained that the change in the Count 4 punishment range had no effect on the plea agreement and the court told Jones that the punishment range was still 180 months to 300 months. Id. at 7. Jones stated that he understood the punishment range. Id. at 8, 12.

At the April 22, 2015 hearing, the court again advised Jones of the meaning of a Rule 11(c)(1)(C) plea, and told Jones that as the court had not yet accepted the plea, Jones could withdraw it, stating:

> The fact of the matter is this is a Rule 11(c)(1)(C), as we talked about when we met on November 12th. I still haven't accepted it. I took it under advisement. So if you want to, you can withdraw it. You don't have to go forward with this.

---

[1] Jones's counsel had moved to withdraw, citing Jones's dissatisfaction with him. These issues were fully vetted at the April 22 hearing and the motion was denied. Hr'g Tr., ECF No. 501 at 13-18.

3

Id. at 4.

A sentencing hearing was rescheduled for June 3, 2015. At the outset of that hearing, the court again summarized the Rule 11(c)(1)(C) plea agreement and stated: "Now Mr. Jones, I took the plea under advisement. Do you still want to go forward with this plea agreement pursuant to Rule 11(c)(1)(C)?" Hr'g Tr., ECF No. 502 at 2-3. Jones responded, "Yes, Your Honor." Id. at 3.

Jones was then sentenced in accordance with the plea agreement to a 276-month term of imprisonment on Count 1; 120 months on Count 3; and 180 months on Count 4, all to be served concurrently. ECF No. 473 at 2. The prison term is to be followed by a five-year term of supervised release on Counts 1 and 4 and a three-year term of supervised release on Count 3, also to run concurrently. Id. at 3.

Jones filed a direct appeal and on February 16, 2016, the Fourth Circuit Court of Appeals dismissed the appeal, finding that Jones had waived his right to appeal as part of his plea agreement. United States v. Jones, No. 15-4354 (4th Cir. Feb. 16, 2016). ECF Nos. 522, 523. Jones sought a writ of certiorari from the United States Supreme Court but it was denied on October 31, 2016. Jones v. United States, No. 16-6214, 2016 WL 5874518 (Oct. 31, 2016). ECF No. 535.

Jones filed this § 2255 petition on October 31, 2017[2] and asserts the following: (1) His attorney provided ineffective assistance of counsel when he did not object to Jones's designation as an armed career criminal under 18 U.S.C. § 924 (e)(A)(ii); (2) His attorney

---

[2] Jones declared under penalty of perjury that he placed his petition in the prison mail system on October 31, 2017 and it is considered filed as of that date. See Little v. United States, 184 F.Supp.2d 489, 492, n. 1 (E.D. Va. 2002) (noting that the prisoner mailbox rule applies to § 2255 motions).

4

provided inaccurate advice on which Jones relied to enter into the plea agreement; (3) His attorney failed to raise meritorious arguments at sentencing; and (4) Jones was subjected to cruel, inhuman, and degrading conditions while he was held in pre-trial detention.

## APPLICABLE LAW

### A. 28 U.S.C. § 2255

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If a petition alleges a sentencing error that is neither constitutional nor jurisdictional, "a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Foote, 784 F.3d 931, 936 (4th Cir.) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). A petitioner collaterally attacking his conviction or sentence via a § 2255 petition bears the burden of showing by a preponderance of evidence that he is entitled to relief. White v. United States, 352 F.Supp.2d 684, 687 (E.D. Va. 2004) (citing Miller v. United States, 261 F.2d 546 (4th Cir. 1958), and Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967)).

### B. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: He must show both that (1) counsel's performance fell below an objective standard of

reasonableness; and (2) he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669.

When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008). "The performance of counsel is measured in terms of 'reasonableness under prevailing professional norms.'" Gray, 529 F.3d at 228 (quoting Strickland, 466 U.S. at 688). The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time." Strickland, 466 U.S. at 689.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. When a petitioner argues that he received ineffective assistance of counsel as part of a plea agreement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### 1. Designation Under the Armed Career Criminal Act (ACCA)

Jones contends that his attorney should have objected to Jones being designated an armed career criminal because his prior convictions did not qualify as serious drug offenses under the ACCA. See 18 U.S.C § 924(e). Jones cites Mathis v. United States, 136 S.Ct. 2243, 2251 (2016), for its holding that a state statute qualifies as a predicate offense under the ACCA only if its elements are the same as, or more narrow than, those of the generic

6

offense. He then asserts that the Virginia state statute under which he was convicted, Va. Code § 18.2-248(A), defines drug offenses more broadly than the ACCA and thus falls outside the ACCA definition of "serious drug offense." Jones points out that the Virginia statute makes it unlawful to "sell" or "give" a controlled substance while the ACCA defines a serious drug offense as an offense under state law "involving manufacturing, distributing, or possessing with intent to distribute" a controlled substance.

However, other courts which have looked at the Virginia controlled substances statute in the context of the ACCA have rejected this argument. In <u>Long v. United States</u>, No. 2:17-CV-219, 2017 WL 4799798 at *3 (E.D. Va. 2017), the court determined that "the statutes match." Similarly, in <u>United States v. Bailey</u>, No. 7:15-CR-00010-01, 2017 WL 6391487 at *3 (W.D. Va. 2017), the court found that the state and federal definitions contained "nearly identical" terms and that drugs may be "distributed" by giving them away for free. The court also noted that "courts have consistently held . . . that prior convictions under Virginia law for distribution and possession with intent to distribute cocaine 'matches the definition of a controlled substance offense under U.S.S.G. § 4B1.2(b) . . . .'" <u>Id.</u> (citing <u>Long</u>, 2017 WL 4799798 at *4; <u>United States v. Jones</u>, No. 3:13-CR-13, 2016 WL 6997024 at *4 (E.D. Va. Nov. 29, 2016); <u>United States v. Brown</u>, No. 5:13-CR-0030-5, 2016 WL 1296188 at *4 and n.2 (W.D. Va. Sept. 4, 2016); and <u>Montgomery v. United States</u>, No. 2:14-CV-16267, 2015 WL 13722832 at *7 (S.D. W.Va. Oct. 20, 2015)).

Although Jones argues that these cases were decided wrongly, he does not cite any authority to support his assertion that his state drug convictions should not be considered predicate offenses under the ACCA and none was found. Accordingly, Jones is not entitled

7

to relief on his ineffective assistance of counsel claim based on the contention that his attorney should have argued that the ACCA did not apply to him.

**2. Reliance on Inaccurate Advice**

Jones also asserts that the deciding factor in his decision to enter into the plea agreement was his counsel's assurance that he would avoid all statutory sentence enhancements by accepting the plea. In other words, Jones argues that he accepted the plea agreement before the PSR showed that he was subject to an increased sentence under the ACCA.

While it is true that Jones initially was misadvised about the punishment range for Count 4, he was told the correct range at the hearing on April 22, 2015 and at the sentencing hearing on June 3, 2015. The government explained to Jones at the April 22 hearing that the PSR showed that he qualified as an armed career criminal and that designation increased the range of punishment on Count 4 to fifteen years to life. Hr'g Tr., ECF No. 501 at 6-7. When asked if he understood, Jones responded that he did and the court told him that even with the change he would be sentenced to between 180 and 300 months. Id. at 7-9. Jones was further advised that the court had taken the plea agreement under advisement, and Jones could withdraw his guilty plea if he wanted to. Later, at the June 3, 2015 sentencing hearing, the court again explained the correct sentencing range to Jones who stated that he wanted to go forward with the plea agreement. Hr'g Tr., ECF No. 502 at 3-4.

The record does not support Jones's allegation that the only reason he entered the plea agreement was because he did not think his sentence would be enhanced by his armed career criminal status as he stated multiple times under oath that he understood the correct

8

sentencing range and freely entered the plea agreement. See United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005) (finding that in the face of a petitioner's Rule 11 colloquy and sentencing hearing, contrary allegations in his § 2255 motion were "palpably incredible and patently frivolous or false."). Jones was advised of the correct sentencing ranges and told he had the ability to withdraw his guilty plea, and indicated that he wanted to go forward with the Rule 11(c)(1)(C) plea agreement. Thus, Jones cannot make out a claim of ineffective assistance of counsel based on being misadvised early in the case about the Count 4 sentencing range.

### 3. Counsel Failed to Raise Meritorious Arguments at Sentencing

Jones further asserts that his attorney did not investigate and raise sentencing mitigation arguments that society is harmed rather than benefitted by long periods of incarceration, that Jones was suffering from abnormal nodular densities in his chest which he said were "chest cancer," or that Jones experienced punitive conditions as a pre-trial detainee. Regarding the health claims, the PSR noted that Jones was in good physical health although he was diagnosed with Bell's Palsy at the end of 2012 and he had issues with his lungs while incarcerated in the Central Virginia Regional Jail for which he received steroid treatments. ECF No. 468 at 23. Nothing in the record indicates that Jones has been diagnosed with cancer of any type.

Also, Jones's counsel submitted a sentencing memorandum in which he described the difficult conditions Jones faced as a child and young man, and he attached letters of support for Jones from friends and relatives. ECF No. 462 at 2-5 and exhibits. The memorandum also discussed the guideline sentencing factors that courts are directed to consider. Id. at 5-

9

10. At the sentencing hearing, Jones's counsel argued that Jones was not a direct supplier of heroin or crack cocaine to users, that he provided substantial assistance to the government, and that he was on a 23-hour per day lockdown while at the Central Virginia Regional Jail. Hr'g Tr., ECF No. 502 at 44-47.

In addition, Jones testified at the sentencing hearing and explained that he was working prior to being hospitalized twice, which caused him to lose his job and experience great financial difficulties related to paying living expenses and court ordered child support. He testified that those difficulties led to his decision to sell drugs. Hr'g Tr., ECF No. 502 at 53-54. He also told the court about his young daughters, his father's death and his mother's medical issues. Id. at 56-57.

The fact that Jones's attorney did not raise all of the arguments that Jones believes he should have does not lead to a conclusion that Jones received ineffective assistance of counsel in the sentencing proceeding. His attorney discussed the relevant sentencing factors and argued for a sentence of 216 months. The evidence that Jones believes his attorney should have offered would have had no effect on the sentencing factors the court is directed to consider. See 18 U.S.C. § 3553(a) and Strickland, 466 U.S. at 699-700 (noting that the evidence petitioner said his trial counsel should have offered "would barely have altered the sentencing profile presented to the sentencing judge."). Accordingly, Jones's attorney provided objectively reasonable representation and Jones is not entitled to relief on this issue.

## CONCLUSION

For the reasons stated, the court **GRANTS** the government's motion to dismiss. Because Jones has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

An appropriate Order will be entered.

Entered: 01-11-2019

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge