IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:13-cr-00025 |
| v. ) | |
| ) | |
| RONNIE MAURICE JONES, ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

### MEMORANDUM OPINION

This matter comes before the court on defendant Ronnie Maurice Jones's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 641. The Federal Public Defender has supplemented Jones's pro se request. ECF Nos. 649, 657, 661, 664. The government opposes it. ECF No. 651, 658. For the reasons stated herein, the court will **DENY** Jones's motion.

### I.

On November 12, 2014, Jones entered into a written plea agreement in which he pleaded guilty to one count of conspiring to distribute heroin in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), one count of possession and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of knowing possession of a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). Plea Agreement, ECF No. 282. On June 3, 2015, Jones was sentenced to 276 months of incarceration. J., ECF No. 473. Jones is currently housed as USP Atlanta and is scheduled to

be released on April 6, 2033.[1] He has been continuously incarcerated since 2013 and has served less than half of his sentence. See Presentence Investigation Report, ECF No. 468, at 10.

Jones seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his susceptibility to severe illness from COVID-19 constitutes an "extraordinary and compelling" reason warranting a sentence reduction.[2] In his pro se motion, Jones alleges he is obese, suffers from type 2 diabetes, and has a history of lung issues. See Pro Se Mot., ECF No. 641, at 12. In a supplemental motion, the Federal Public Defender notes that Jones is overweight rather than obese. Suppl. Mot., ECF No. 649, at 3. Jones argues that his underlying medical conditions place him at an increased risk of severe illness from COVID-19. Id. at 13. Jones seeks immediate release. Id. at 16. The government opposes any sentence reduction for Jones. Resp. in Opp'n, ECF No. 651. This matter is fully briefed and ripe for disposition.[3]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Jul. 27, 2021) (search "Ronnie Maurice Jones")

[2] Jones also argues that the Supreme Court's decision in Rehaif v. United States, 139 S.Ct. 2191 (2019), constitutes a change in law warranting a sentence reduction under the application notes' catch-all provision, citing United States v. Cantu-Rivera, 423 F. Supp. 3d 345, 350 (S.D. Tex. 2019) ("Other courts have concluded that the [Sentencing] Commission's failure to amend Guideline § 1B1.13 and related Commentary following the First Step Act does not preclude a court from acting on motions for sentence reductions or using the catch-all provision in Application Note 1(D)."). While the court has considered gross sentencing disparities due to changes to the sentencing guidelines as grounds for compassionate release, Jones's Rehaif argument goes to the validity of his original conviction. Thus, it is improperly brought within his compassionate release motion and the court declines to consider it. See United States v. Jacobs, 304CR00277KDBDCK1, 2020 WL 7060968, at *3 (W.D.N.C. Dec. 2, 2020) ("However, a compassionate release motion under 18 U.S.C. § 3582 is not the proper vehicle to challenge the validity of a sentence under Rehaif."); see also United States v. King, 18-20416, 2021 WL 1220864, at *3 (E.D. Mich. Apr. 1, 2021) (similar).

[3] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Jones's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

    i.    <u>Jones has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u>; <u>see also</u> <u>United States</u>

v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded. Though the exhaustion requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Jones requested compassionate release from the warden of USP Atlanta on May 26, 2020, but has not received a response. Pro Se Mot., ECF No. 641, at 4; Suppl. Mot., ECF No. 649, at 2. Jones filed his motion for compassionate release on December 14, 2020. Pro Se Mot., ECF No. 641. The government does not contest that Jones has exhausted his administrative remedies. Resp. in Opp'n, ECF No. 651, at 6. Accordingly, this court finds that Jones has satisfied the statute's exhaustion requirement.

   ii.     Jones presents extraordinary and compelling circumstances.

The court must next consider if it should "reduce the term of imprisonment" based on 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes

incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that can place individuals at a higher risk of severe outcomes from COVID-19.[4]

Here, Jones is overweight and has type 2 diabetes, both of which "can make [him] more likely to get severely ill from COVID-19."[5] The government originally acknowledged that Jones has "demonstrated the existence of extraordinary and compelling circumstances, consistent with § 3582(c)(1)(A)." Resp. in Opp'n, ECF No. 651, at 7. However, the government argued that Jones was no longer "a suitable candidate for compassionate release"

---

[4] Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021).

[5] Id.

5

when it notified the court that Jones had been offered a COVID-19 vaccine, which he did not receive. Suppl. Resp. in Opp'n, ECF No. 658, at 3. Jones subsequently clarified that, while he was offered a COVID-19 vaccine and willing to be vaccinated, he was advised by R.N. T. Thomas that it was "not appropriate" for Jones to receive it. Suppl. Resp., ECF No. 664, at 1; see also Medical Records, ECF No. 664-1, at 1. Accordingly, the court finds that Jones has a particularized susceptibility to severe illness from COVID-19 because he is diabetic, overweight, and was advised against taking the vaccine by a medical professional.

The court also finds that Jones faces a particularized risk of contracting the virus at his facility. Jones is at USP Atlanta, which has 3 confirmed active COVID-19 cases.[6] Though it is unclear which variant those cases are, the court notes that the dominant variant in the United States today, the delta variant, is considered to be more transmissible than other variants, presenting heightened concerns in a predominantly unvaccinated population, even with a smaller number of cases.[7] Only 685 of the 1,775 inmates are fully inoculated and 218 staff members are inoculated.[8] For these reasons, the court finds that Jones has a particularized risk of contracting COVID-19 at his facility, supporting a reduction in his sentence.

    iii.    <u>A sentence reduction is inappropriate after considering the § 3553(a) factors.</u>

---

[6] Fed. Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Jul. 28, 2021) (find "Atlanta USP" on interactive map).

[7] Ctrs. for Disease Control and Prevention, SARS-CoV-2 Variant Classifications and Definitions, https://www.cdc.gov/coronavirus/2019-ncov/variants/variant-info.html (updated Jul. 20, 2021); see also Ctrs. for Disease Control and Prevention, COVID Data Tracker, https://covid.cdc.gov/covid-data-tracker/#variant-proportions (last visited July 27, 2021) (showing dominance of delta variant in new cases).

[8] Fed. Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Jul. 22, 2021) (under "COVID-19 Vaccine Implementation – About the Data"); Fed. Bureau of Prisons, USP Atlanta, https://www.bop.gov/locations/institutions/atl/ (last visited Jul. 27, 2021) (showing number of inmates).

Having found that extraordinary and compelling reasons exist to warrant a reduction in Jones's sentence, the court must consider if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh in favor of continued incarceration.

From mid-2011 to September 2013, Jones ran a large drug distribution operation in the Western District of Virginia. Presentence Investigation Report, ECF No. 468, at 4, 9. Jones and his co-conspirator, Kareem Shaw, were responsible for distributing hundreds of grams of heroin and multiple ounces of crack in Virginia on a weekly basis. Id. at 10. The estimated total drug weight for this conspiracy is at least eight kilograms of heroin and 2 kilograms of cocaine. Id. At the time of Jones's arrest in 2013, Jones was in possession of several thousands of dollars and 50 rounds of .40 caliber ammunition which matched a .40 caliber pistol recovered from his residence in Dumfries. Id. Prior to his arrest, Jones had already been convicted of numerous criminal offenses, including drug distribution offenses, and was out on probation. Id. at 13–20.

Jones's offenses caused significant harm to this community. In his sentencing memorandum, Jones's counsel acknowledged that, "[t]he sale of heroin is particularly

7

concerning because the drug is so addictive and effectively eats people's souls." Def.'s Sentencing Mem., ECF No. 462, at 5. In his grand jury testimony, a co-defendant indicated that heroin was hard to get in the Woodstock community until "Ronnie Jones came to town with heroin" and it "just blew up" and "[e]verybody started using," leaving a trail of addicts. Government's Sentencing Mem. ECF No. 464, at 5. The government estimated that the amount of heroin Jones himself distributed represents 144,000 times a person stuck a need in their arm. Id. at 4. It is difficult to overstate the number of people, families, and communities that have been affected by Jones's actions alone.

Jones's sentence reflects the seriousness of his conduct and the objectives of criminal punishment. Jones attempted to continue his drug operation even after he was arrested. Id. at 3. He has served less than half of his sentence, which is he will not complete until 2033. See Presentence Investigation Report, ECF No. 468, at 10. Releasing Jones now would be inconsistent with the need for both general and specific deterrence. Moreover, Jones's continued incarceration is proportionate to the seriousness of his offenses and their impact on this community. Nothing less than Jones's full sentence is appropriate given the nature of his crimes and the need to protect the public from any further crimes Jones may commit. Based on these considerations, the court finds that the § 3553(a) factors do not weigh in favor of a sentence reduction.

## III.

For these reasons, the court will **DENY** Jones's motions for compassionate release, ECF Nos. 641, 649. The clerk is directed to send a copy of this memorandum opinion and

accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

    It is so **ORDERED**.

Entered: August 1, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.08.01 15:17:05
-04'00'

Michael F. Urbanski
Chief United States District Judge